UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROBERT D. DeCOLA, JR. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO. 3:06-CV-176 RM |
| vs. | ) | |
| | ) | |
| KOSCIUSKO COUNTY SHERIFF'S DEPT., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Robert D. DeCola, Jr., a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

>showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. DeCola alleges that John Doe Kosciusko County police officers made defamatory statements that he is violent, a gang member, and an escape risk. He alleges that these statements caused him to be subjected to a higher security level in a jail in Florida. He also alleges that Don Mcune made a defamatory statement about him to the newspaper. Defamation is not actionable under § 1983. Paul v. Davis, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.") Therefore these claims must be dismissed.

Mr. DeCola alleges that Cpl. Brad Kellar entered his apartment without a warrant or exigent circumstances. "The Fourth Amendment prohibition against unreasonable searches and seizures protects persons in their homes against unwarranted intrusions." United States v. Robeles-Ortega, 348 F.3d 679, 681 (7th Cir. 2003); *see also* United States v. Valencia, 913 F.2d 378, 383 (7th Cir. 1990). These allegations state a claim for an unreasonable search in violation of the Fourth Amendment.

Finally, Mr. DeCola alleges that Probation Officer Steffanie Bellamy knowingly made false statements about him in a pre-sentence investigation. Probation officers are

absolutely immune for actions such as preparing a pre-sentence report, which is a quasi-judicial function. Dorman v. Higgins, 821 F.2d 133 (2d Cir. 1987); Thompson v. Burke, 556 F.2d 231 (3d Cir. 1977); Douglas v. Muncy, 570 F.2d 499 (4th Cir. 1978); Spaulding v. Nielsen, 599 F.2d 728 (5th Cir. 1979); Timson v. Wright, 532 F.2d 552 (6th Cir. 1976); Anton v. Getty, 78 F.3d 393 (8th Cir. 1996); Burkes v. Callion, 433 F.2d 318 (9th Cir. 1970); Tripati v. INS, 784 F.2d 345 (10th Cir. 1986); Hughes v. Chesser, 731 F.2d 1489 (11th Cir. 1984); Turner v. Barry, 856 F.2d 1539, 1540-41 (D.C. Cir. 1988). Therefore this claim must be dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** Robert D. DeCola, Jr., leave to proceed against Cpl. Brad Kellar, in his individual capacity, for compensatory and punitive damages on his Fourth Amendment claim for an unreasonable search of his apartment on May 26, 2004;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** the Kosciusko County Sheriff's Department, Don Mcune, and Steffanie Bellamy;

(4) **DIRECTS** the clerk to ensure that a copy of this order is served on Cpl. Brad Kellar along with the summons and complaint;

(5) **DIRECTS** the United States Marshals Service to effect service of process on Cpl. Brad Kellar; and

(6) **ORDERS** Cpl. Brad Kellar, pursuant to 42 U.S.C. § 1997e(g)(2), to respond only to the surviving claims in this screening order as provided for in the Federal Rules of Civil Procedure.

SO ORDERED.

ENTERED: October  24 , 2006

                                                    /s/ Robert L. Miller, Jr.
                                                Chief Judge
                                                United States District Court