UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT D. DeCOLA, JR., ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:06-CV-176 RM |
| vs. ) | |
| ) | |
| KOSCIUSKO COUNTY SHERIFF'S ) | |
| DEPT., *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Robert D. DeCola, Jr., a *pro se* prisoner, filed a motion to amend along with an amended complaint. "Leave to amend is to be 'freely given when justice so requires.'" Liu v. T&H Machine, 191 F.3d 790, 794 (7th Cir. 1999) quoting FED. R. CIV. P. 15(a). Mr. DeCola filed his amendment prior to the deadline for amending pleadings, therefore the motion will be granted. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards

> than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

In his amended complaint, Mr. DeCola abandon's his claims against all of the defendants except for Cpl. Brad Kellar. He alleges that Cpl. Brad Kellar entered his apartment without a warrant or exigent circumstances. "The Fourth Amendment prohibition against unreasonable searches and seizures protects persons in their homes against unwarranted intrusions." United States v. Robeles-Ortega, 348 F.3d 679, 681 (7th Cir. 2003); *see also* United States v. Valencia, 913 F.2d 378, 383 (7th Cir. 1990). These allegations state a claim for an unreasonable search in violation of the Fourth Amendment.

For the foregoing reasons, the court:

(1) **GRANTS** Robert D. DeCola, Jr., leave to proceed against Cpl. Brad Kellar, in his individual capacity, for compensatory damages on his Fourth Amendment claim for an unreasonable search of his apartment on May 26, 2004;

(2) **DISMISSES** all other claims;

2

(3) **DIRECTS** the clerk file the amended complaint; and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Cpl. Brad Kellar respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January  18 , 2007

　　　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court