UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROBERT D. DeCOLA, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:06-CV-176 RM |
| vs. | ) | |
| | ) | |
| KOSCIUSKO COUNTY SHERIFF'S | ) | |
| DEPT., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Brad Kellar, by counsel, filed two motions. First, he moves to deem admitted the requests for admissions he filed and served on the plaintiff. Second, he moves to strike the plaintiff's interrogatories to a non-party.

The defendant served 28 requests for admissions on Robert D. DeCola, Jr., who sought an enlargement of time to respond to them. Mr. DeCola asked that he be granted to and including April 19, 2007. That motion was granted, but Mr. DeCola did not answer by that date. Instead, his answers were signed and notarized the next day, on April 20, 2007. The plaintiff "failed to respond to these requests, and, therefore, according to RULE 36, they were deemed admitted." Kalis v. Colgate-Palmolive, 231 F.3d 1049, 1059 (7th Cir. 2000).

> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

FED. R. CIV. P. 36(a). Therefore, pursuant to RULE 36(a), even though the responses to the admission were only one day late, the requested admissions were deemed admitted when the time for responding expired. No court ruling or intervention was required; the admissions occurred automatically by operation of law. As such, the motion to deem admitted, though not necessary to certify the admissions, does serve to clarify the record and avoid possible future confusion. Therefore the motion will be granted.

In response to the motion, Mr. DeCola filed a document captioned, "Plaintiff's Objection to 'Defendant's Verified Motion to Deem Admitted'" in which he states, "Plaintiff apologizes for the <u>day</u> delay, and humbly implores this honorable court to make an exception to Federal Rule 36." [Doc. No. 46 at ¶ 6] (emphasis in original). Though the court cannot make an exception to Rule 36(a), it will construe the response as a motion to withdraw the admissions pursuant to RULE 36(b).

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

FED. R. CIV. P. 36(b).

RULE 16(b) provides that a pre-trial order may be amended "upon a showing of good cause". Mr. DeCola explains that he is proceeding *pro se*, that he is incarcerated in a Florida jail, and that he was unable to obtain the services of a notary until one day after the

2

deadline for responding to the request for admissions. Though it is not conclusive that Mr. DeCola was unable to plan his schedule to have avoided this delay, and though Mr. DeCola would be ill advised to assume that he may disregard deadlines without suffering adverse consequences, this explanation is – in this instance -- a showing of good cause as required by RULE 16(b).

In addition to a showing of good cause, RULE 36(b) also has two other prongs. It requires that the presentation of the merits of the cause would be subserved without the withdrawal of the admissions. In this case, given the admissions that Mr. DeCola has actively made in response to this request [Doc. No. 40] on April 20, 2007, and in his interrogatories [Doc. No. 41-1], and in his declaration [Doc. No. 41-2], and in the affidavit of his witness [Doc. No. 41-3], it is wholly unclear that there will be any substantive difference in the outcome of this case regardless of whether the admissions are withdrawn or not. That is to say, Mr. DeCola's filings appear to admit facts which demonstrate that Officer Kellar did not engage in an illegal search of the apartment. Though a full analysis of this question must await a ruling on a properly drafted motion for summary judgment, it is better to permit such a review on the merits than to presume the result by finding this prong unmet.

Finally, RULE 36(b) requires that Officer Kellar be unable to demonstrate prejudice in defending the case on the merits. If the response had been filed months late, on the eve of trial, it would be much easier to demonstrate prejudice to the defense. Here, the response was one day late. Given that prisoners are afforded the benefit of the mailbox rule, *see*

Houston v. Lack, 487 U.S. 266 (1988) and Jones v. Bertrand, 171 F.3d 499 (7th Cir. 1999), the one day delay would likely not even have been noticed without a close examination of the signature date. Not that checking such dates was in any way wrong, but with only a one day delay, the defendant has suffered no prejudice in his defense of this case on the merits.

Therefore the court will grant the plaintiff's request to withdraw his deemed admissions pursuant to RULE 36(b).

Next the defendant moves to strike interrogatories propounded by the plaintiff on a non-party. Mr. DeCola has attached the interrogatory answers of Amanda Moore as an appendix to his own interrogatory answers. [Doc. No. 43-3]. The defendant is correct that the Federal Rules of Civil Procedure do not provide for serving interrogatories on non-parties, *see* FED. R. CIV. P. 33(a), and it is undisputed that Amanda Moore did not have to respond to them. Nevertheless, there is no evidence that she did so other than voluntarily. It appears that she is at least an amicable acquaintance who was a guest at the apartment when it was searched. The interrogatories were signed under penalty of perjury and qualify as a declaration pursuant to 28 U.S.C. § 1746. As such, the fact that it is in a question and answer format rather than a prose recitation is no barrier to its consideration. Therefore the motion will be denied.

Additionally, Mr. DeCola's effort to transform the interrogatories into a deposition on written questions pursuant to FED. R. CIV. P. 31 is both unnecessary and misguided. Unnecessary because the court is accepting Amanda Moore's statements as a declaration and misguided because a deposition on written questions is not merely another name for

4

interrogatories propounded to a non-party. Rather it is a regular deposition taken by an officer "in the manner provided by Rule 30(c), (e) and (f)" with the questions and cross questions written in advance. Depositions are not free and the notice requirements to the defendant clearly were not satisfied in this instance. Therefore the plaintiff's notice of written deposition will be stricken.

For the foregoing reasons, the court:

(1) **GRANTS** Brad Kellar's motion to deem admitted [Doc. No. 42] pursuant to FED. R. CIV. P. 36(a);

(2) **GRANTS** Robert D. DeCola, Jr.'s, request to withdraw his deemed admissions [Doc. No. 46] pursuant to FED. R. CIV. P. 36(b);

(3) **DENIES** the motion to strike interrogatories [Doc. No. 43]; and

(4) **STRIKES** the Notice of Written Deposition [Doc. No. 45-2].

Dated this 5th Day of June, 2007.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge